UNITED STATES of America, Plaintiff,

v.

15,909 ACRES et al., Defendants.

Vernon ASHCRAFT et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

J. A. ASHCRAFT et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Orbie E. BROWNING et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

William D. BROWNING, Plaintiff,

v.

UNITED STATES of America, Defendant.

Thomas Allan MATTHEWS et al., Plaintiff,

v.

UNITED STATES of America, Defendant.

Wayne VOSS et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Anne CHANDLER, Jack Stanford et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Alma Fox FULMER, Executrix of the Estate of Nannie Fox, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Horace N. SMITH and Amy J. Smith, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 1476, 1829–1834, 1879, 1850, 1851.

United States District Court S. D. California, N. D.

Nov. 25, 1958.

448

Laughlin E. Waters, U. S. Atty., by Luther L. Jensen, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

L. A. MacNicol, Merced, Cal., C. Ray Robinson, Merced, Cal., by Eugene A. Mash, San Francisco, Cal., for defendants.

YANKWICH, District Judge.

■ On September 24 and 25, 1958, a partial trial was had in the above group of cases. Evidence was heard as to certain of the issues with the understanding that their determination was necessary before evidence as to the value of the estates involved was heard. An exception was made in the case of owners of certain tracts who were allowed to testify as to value in order to avoid their return for the conclusion of the trial. The evidence and the briefs filed subsequently were directed to several questions. The most important of these was the nature of the estate taken by the agreement. I am of the view that the evidence shows conclusively that the flight easement alleged to have been taken by the government does not cover the actual taking. The evidence is conclusive that the flight of jets creates noise and vibrations discernable both from the residences and on the property, which seriously impair the availability of the properties involved for residential purposes and diminish their value for such use. Regardless of any congressional limitations, the land owner, as an incident to his ownership, has a claim to the superadjacent airspace at such altitude as interferes with his enjoyment of the property and

"that invasions of it are in the same category as invasions of the surface." United States v. Causby, 1946, 328 U.S. 256, 265, 66 S.Ct. 1062, 1068, 90 L.Ed. 1206.

This reasoning applies with greater force here, when it is considered that jets were in the experimental stage and were not in the contemplation of the court when it defined the owner's rights (United States v. Causby, supra) or of the Congress when it defined the government control of space (49 U.S.C.A. § 180), or of the Civil Aeronautics Authority which made regulations applicable to other aircraft. Code of Federal Regulations Title 14 Part 617.

■ I am, therefore, of the view that when the jet planes began to fly over and in the neighborhood of the plaintiffs' property the value of the property was affected and that the government appropriated a *flight easement in airspace* over the land. See Highland Park, Inc. v. United States, Ct.Cl., 1958, 161 F.Supp. 597; Herring v. United States, Ct.Cl. 1958, 162 F.Supp. 769, 770–771; Freeman v. United States, D.C.Okl.1958, 167 F.Supp. 541, 544–545. Whether such flight easement merely reduced or entirely destroyed the value of these properties is a question to be determined upon further proof. Such proof, of course, will be intermingled with the proof of value, in the light of the diminished or destroyed use value of each of the properties involved.

The second problem submitted is the date of taking of the flight easement. I am of the view that the easement taken by the government is permanent and that June 13, 1955 is the date of the taking to be considered in determining values.

The cause is left open for further proceedings, the date of which is to be determined in accordance with the provision of the minute order of September 25, 1958, reading as follows:

"Upon at least five days notice, United States Attorney may set further hearing on any regular law and motion day, all unfinished matters to be continued until such time."